IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:

HOWARD & ASSOCIATES,
ATTORNEYS-AT-LAW, P.A.,
PHILLIP TIMOTHY HOWARD, ESQ.,
and RICHARD A. DAYNARD, ESQ.,

           Plaintiffs,

v.

THE WILNER FIRM, P.A.;
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP; and FARAH &
FARAH, P.A.

           Defendants.

## COMPLAINT

Plaintiffs HOWARD & ASSOCIATES, ATTORNEYS-AT-LAW, P.A. ("Howard & Associates"), PHILLIP TIMOTHY HOWARD, ESQ. ("Howard"), AND RICHARD A. DAYNARD, ESQ., ("Daynard") (collectively "Plaintiffs") by and through their undersigned counsel hereby sue defendants THE WILNER FIRM, PA. and FARAH & FARAH, P.A. (collectively, "Wilner") and LIEFF, CABRASER, HEIMANN, BERNSTEIN, LLP, ("Lieff") (collectively "Defendants") and state that:

### Nature of the Case

1.    This is a breach of contract action in which Plaintiffs seek damages resulting from Defendants' repudiation and anticipatory breach of contract providing for the percentage sharing of attorney's fees awarded in certain *Engle* Progeny cases venued in the Florida Federal and State courts.

2.    There exists a certain agreement between Wilner and Lieff whereby those law firms

have agreed to share in a certain percentage of attorneys' fees ("Wilner/Lieff Fee Agreement").

3.  There also exists a certain agreement between Wilner and Plaintiffs whereby Wilner has agreed to provide Plaintiffs with a certain percentage of the attorneys' fees awarded pursuant to the Wilner/Lieff Fee Agreement ("Wilner/Plaintiffs Fee Agreement").

4.  The Wilner/Lieff Fee Agreement expressly acknowledges the existence of a relevant relationship between Wilner and Plaintiffs.

5.  By virtue of their status in the Wilner/Plaintiffs Fee Agreement, Plaintiffs are express and intended third party beneficiaries of the Wilner/Lieff Fee Agreement.[1]

## The Parties

6.  Howard & Associates is a professional association incorporated in the State of Florida and engaged in the practice of law, with a principal place of business at 2120 Killarney Way, Suite 125, Tallahassee, Florida 32309.

7.  Howard is a Florida resident and a member of the Florida State Bar.

8.  Daynard is a Massachusetts resident and a member of the New York State Bar.

9.  Upon information and belief, Wilner is a professional association engaged in the practice of law with a principal place of business at 444 East Duval Street, Jacksonville, Florida 32202.

10. Upon information and belief, Farah & Farah is a professional association engaged in the practice of law with a principal place of business at 10 West Adams Street, Jacksonville, Florida 32202.

11. Upon information and belief, Lieff is a limited liability partnership engaged in the practice of law with a principal place of business at 250 Hudson Street – 8th Floor, New York, New

---

[1] In order to preserve the contractual confidentiality of the named parties, neither of the subject agreements are appended to this pleading for filing. However, both agreements will be served upon each named party contemporaneous with the service of this pleading and can readily be submitted to the Court for *in camera*, or otherwise private, inspection upon demand.

York 10013.

## General Allegations

12. In its landmark 2006 decision entitled *Howard A. Engle, MD v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006) ("*Engle III*"), the Florida Supreme Court decertified a $145 billion class action verdict against tobacco companies and authorized the plaintiff members of the decertified class to file individual lawsuits.

13. The resulting individual plaintiff State and Federal court cases became known as *Engle* Progeny cases.

14. Wilner is or has been plaintiffs' counsel of record in approximately 3,200 individual resulting *Engle* Progeny cases.

15. Wilner and Lieff entered into the Wilner/Lieff Fee Agreement concerning the prosecution of certain *Engle* Progeny cases which established a specified sharing percentage for attorneys' fees which may be awarded as a result thereof.

16. The existence of a professional relationship between Wilner and Plaintiffs was expressly acknowledged by the Wilner/Lieff Fee Agreement.

17. Wilner and Plaintiffs entered into the Wilner/Plaintiffs Fee Agreement which established a specified sharing percentage of attorneys' fees which may be awarded in relation to certain *Engle* Progeny cases.

18. On or about February 25, 2015, a global settlement was reached in *In Re: Engle Cases*, Case No. 3:09-cv-10000-WGY-JBT, a consolidated matter before the United States District Court for the Middle District of Florida – Jacksonville Division.

19. *In Re: Engle Cases* is comprised of all *Engle* Progeny cases currently venued in the Federal court system which name various defendant tobacco companies ("Federal Settlement").

20. Upon information and belief, the Federal Settlement will shortly result in the

payment of approximately $100 million to party plaintiffs and their counsel.

21. Because the settlement and the settlement distribution plan has already been approved by the United States District Court, upon information and belief, the settlement is expected to be funded by deposit with Lieff, acting as plaintiffs' counsel, in the coming days.

22. Pursuant to the Wilner/Plaintiffs Fee Agreement, Plaintiffs are entitled to an established percentage of the gross attorneys' fees which are to be awarded as a result of the Federal Settlement.

23. Upon information and belief, Lieff has advised that it would not abide by the terms of the Wilner/Lieff Fee Agreement and that upon funding of the Federal Settlement, Lieff intends to attempt to retain a larger portion of the attorneys' fees than to which it is contractually entitled.

24. As a result, Wilner advised Plaintiffs' counsel that Wilner could not abide by the terms of the Wilner/Plaintiffs Fee Agreement.

25. The actions of Wilner and Lieff will have an immediate and damaging effect upon Plaintiffs.

## COUNT I
### (Anticipatory Breach of Contract – Third Party Beneficiary)

26. Plaintiffs repeat and restate each and every general allegation contained in the above paragraphs as if set forth at length herein.

27. The purpose and intent of the Wilner/Lieff Fee Agreement was to establish an apportionment of the distribution of attorneys' fees awarded in certain *Engle* Progeny cases, including matters venued before the United States District Court.

28. When Wilner and Lieff entered into the Wilner/Lieff Fee Agreement, they were aware of the existence of Wilner's relationship and agreement with other plaintiffs' co-counsel concerning fee sharing for *Engle* Progeny cases.

29. Wilner and Lieff intended the Wilner/Lieff Fee Agreement to directly benefit all

plaintiffs' co-counsel and associated counsel in the *Engle* Progeny cases maintained by Wilner, including Plaintiffs.

30. Construing the Wilner/Lieff Fee Agreement as a whole, along with the entirety of the circumstances surrounding the litigation of the *Engle* Progeny cases and agreements between co-counsel and associated counsel, the apparent and intentional purpose of the Wilner/Lieff Fee Agreement was to provide specified benefit to counsel and third parties, including Plaintiffs.

31. As such, Plaintiffs were and are intended third-party beneficiaries of the Wilner/Lieff Fee Agreement.

32. Lieff's assertion that it will not abide by the terms of the Wilner/Lieff Fee Agreement constitutes a clear, unequivocal and absolute repudiation of same.

33. Plaintiffs have performed all conditions, covenants, and promises contractually required of them in connection with litigation of the *Engle* Progeny cases.

34. Plaintiffs will suffer damages as a result Defendants' anticipatory breach of the Wilner/Lieff Fee Agreement and the Wilner/Plaintffs Fee Agreement.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

35. Plaintiffs repeat and restate each and every general allegation contained in the above paragraphs as if set forth at length herein.

36. Every contract entered into in the State of Florida contains an implied covenant of good faith and fair dealing.

37. The purpose of the implied covenant of good faith and fair dealing is to protect the parties' reasonable expectations and the covenant requires parties to perform under the contract in good faith.

38. Plaintiffs did at all times comply with their contractual obligations and acted in good faith in relation thereto.

39. Lieff acted in bad faith when it repudiated the Wilner/Lieff Fee Agreement and unfairly interfered with Plaintiffs' reasonable expectation that they would receive a portion of relevant gross attorneys' fees.

40. Wilner acted in bad faith when it repudiated the Wilner/Plaintiffs Fee Agreement and unfairly interfered with Plaintiffs' reasonable expectation that they would receive a relevant portion of gross attorneys' fees.

41. The conduct of Lieff and Wilner is contrary to the reasonable expectations of Plaintiffs under the relevant provisions of the operative fee sharing agreements.

42. Plaintiffs will suffer damages as a result of Lieff and Wilner's breach of the implied covenant of good faith and fair dealing.

## COUNT III
### (Breach of Contract Implied in Fact)

43. Plaintiffs repeat and restate each and every general allegation contained in the above paragraphs as if set forth at length herein.

44. Lieff entered into the Wilner/Lieff Fee Agreement with full knowledge and consideration of an existing co-counsel relationship between Wilner and Plaintiffs concerning subject *Engle* Progeny cases.

45. Lieff understood and agreed that the Wilner/Lieff Fee Agreement would provide benefit to existing and future co-counsel which may become associated to the subject *Engle* Progeny cases.

46. Plaintiffs and Wilner entered into the Wilner/Plaintiffs Fee Agreement with full knowledge and consideration of the Wilner/Lieff Fee Agreement, thereby incorporating its spirit, intent and terms.

47. The terms of the Wilner/Plaintiffs Fee Agreement were informed and determined, in large part, by the established terms of the Wilner/Lieff Fee Agreement.

48. Lieff's repudiation of its agreement to retain a set percent of the gross attorneys' fees awarded resulting from the Federal Settlement constitutes a breach of its implied contract with Plaintiffs.

49. Plaintiffs will suffer damages as a result of Lieff's breach of the implied contract in fact as between Plaintiffs and Lieff.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor against Defendants, awarding compensatory, consequential, and incidental damages together with attorneys' fees pursuant to Florida Statutes, Section 57.105, prejudgment and post judgment interest, costs and other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues subject to such a trial.

Dated: June 19, 2015

        Respectfully submitted,

        */s/ Tim Howard*
        Tim Howard, J.D., Ph.D.
        Florida Bar No.: 655325
        **HOWARD & ASSOCIATES, P.A.**
        2120 Killarney Way, Suite 125
        Tallahassee, FL 32309
        Telephone: (850) 298-4455
        Fax: (850) 216-2537
        tim@howardjustice.com

        *Attorneys for Plaintiffs*